UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
UNITED STATES OF AMERICA    )
                            )
        v.                  )    Crim. No. 97-40009-NMG-5
                            )
ENRICO M. PONZO             )
                            )
        Defendant.          )
                            )

ORDER ON DEFENDANT'S DISCOVERY MOTIONS

July 19, 2012

SOROKIN, C.M.J.

The Defendant has moved for the disclosure of government alibi witnesses (Docket No. 1466), the furnishing of a bill of particulars (Docket No. 1465), the disclosure of information regarding potential witnesses (Docket No. 1467), and the production of additional discovery (Docket No. 1468). The Government has filed an objection to each discovery motion (Docket Nos. 1472, 1471, 1473, 1474). The Court resolves these motions as follows.

1. Alibi Witnesses

The Indictment in this case charges the Defendant with a substantive RICO violation, a RICO conspiracy, and conspiracy to commit murder in aid of racketeering, as well as attempted murder, conspiracy to possess with intent to distribute cocaine, conspiracy to extort, and extortion. The Government's automatic discovery letter requested a notice of alibi pursuant to Federal Rule of Criminal Procedure 12.1 in which it stated: "The time, date and place at which

1

the alleged offense were committed is set forth in the indictment and the enclosed trial transcripts." (Docket No. 1442, at 12).  Arising out of this demand, the following has developed: the Defendant produced a notice of alibi, the Government contends the notice is deficient, the Defendant has filed a motion demanding disclosure of the Government's alibi witnesses, and the Defendant has filed a motion for a bill of particulars.

The Government's alibi demand is insufficient under Rule 12.1.  The Rule requires that any request for notice of an alibi "must state the time, date and place of the alleged offense." Plainly, the Government's request does not contain the required statement.  While there may well be instances in which a reference to the Indictment would suffice and literal enforcement of the Rule would elevate form over substance, e.g. an indictment might charge the Defendant with possession with intent to distribute a controlled substance on a specific date at a specific place, this is not that circumstance.  The Government's request must contain the specifications required by the Rule for it is those specifications to which the Rule requires the Defendant to respond. The "Rule is not available . . . to require a defendant to respond to alibi demands for time, place and date that are unnecessarily vague."  United States v. Bickman, 491 F.Supp. 277, 279 (E.D.Pa. 1980) (discussing 1975 version of the rule containing similar language).[1]

---

[1] While the Rule requires the Government's request to state the time, date and place of the alleged offense, depending upon the nature of the offense charged, courts have ruled that the Rule permits the Government to specify an extended period of time.  See, e.g., Bickman, 491 F.Supp. at 279 (explaining that, "[f]or example, the holding of stolen government property over several days or a week-long period, where during each minute a continuing offense is being committed, is not the type of crime subject to specific time demands other than extended periods"); cf. United States v. Vela, 673 F.2d 86, 89 (5th Cir. 1982) (ruling that the government may, especially in cases of conspiracies occurring over a long period of time, "seek notice-of-alibi with respect to a discrete temporal aspect of the crime charged").  The Court need not now decide the contours of the requirement in the context of a demand for an alibi encompassing an extended period of time.

The Defendant's Motion for Disclosure of Government Alibi Witnesses (Docket No. 1466) is DENIED AS MOOT as both the Defendant's alibi notice and the subsequent government discovery obligation both depend upon a proper initial request. Following a hearing at which this Court took the Defendant's motion under advisement, the Government filed another letter in which it seeks more alibis from the Defendant. (Docket No. 1475). Because the Defendant's motion only addresses the Government's initial demand, this Order is likewise limited to the propriety and effect of that initial request.

2. Bill of Particulars

The Defendant seeks a bill of particulars providing more specific facts regarding the conspiracy, firearm, murder, and extortion counts in the Indictment. (Docket No. 1465). A motion for a bill of particulars "need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." United States v. Sepulveda, 15 F.3d 1161, 1192-93 (1st Cir. 1993). "The district courts have broad discretion in ruling upon motions for bills of particulars." United States v. Tarvers, 833 F.2d 1068, 1076 (1st Cir. 1987) (citing Will v. United States, 389 U.S. 90, 98-99 (1967)). See also Fed. R. Crim. Pro. 7(f) (providing that "[t]he court may direct the government to file a bill of particulars") (emphasis added). "When exercising this discretion, a court must examine the totality of the information available to the defendant, including the indictment and general pre-trial discovery, and determine whether, in light of the charges that the defendant is required to answer, the filing of a bill of particulars is warranted." United States. v. Gibson, 175 F.Supp.2d 532, 536 (S.D.N.Y. 2001). "Generally, if the information sought by defendant is provided in the

3

indictment or in some acceptable alternate form, no bill of particulars is required." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987).

The Defendant has access to sufficient information regarding the charges against him to proceed to trial without a bill of particulars. In addition to an eighty-six page Indictment that outlines these charges in detail, the Government has provided the Defendant with the complete transcripts from his coconspirators' trials in 1998 and 1999. (Docket No. 1471). The defendants in the 1998 trial included eight of the coconspirators named in Count Two of the Indictment and nine of the coconspirators named in Count Three. United States v. Carrozza et al., 4:97-cr-40009-NMG, Docket No. 540. Except for two coconspirators, the defendants in the 1999 trial included these same coconspirators. Id. at Docket No. 985. The Government produced the transcripts to these trials in electronic form, making them amenable to computerized searches. The Government has also provided the Defendant with an index to the discovery that it has produced. Defendant also access to the transcripts of the detention hearings of his co-defendants at which hearings evidence was presented regarding the charged conspiracies. The Defendant has a wealth of information from which to prepare to defend his case and the means with which to access it. In these circumstances, the Defendant's Motion for a Bill of Particulars is DENIED, however, the Court notes that the Court (Swartwood, M.J.) previously required the Government to file a bill of particulars in this case, Docket No. 247, Final Status Report dated December 4, 1997, an order that neither party addressed in their papers. In light of this Order, the Government shall, as to Ponzo, comply with that Order to the same extent the Order grants relief to the co-defendants or disclose that, as to Ponzo, it has satisfied the Order either by way of the bill of particulars it did file or other discovery produced subsequent to

Magistrate Judge Swartwood's order.

3. The Disclosure of Information Regarding Potential Witnesses

The Defendant moves to compel the Government to produce all exculpatory information within the ambit of Local Rule 116.2, including information that the Government has declined to produce at the time provided for in that rule for security reasons. (Docket No. 1467). In reliance on a number of affidavits (exhibits to Docket Nos. 1410, 1420, 1422), as required by Local Rule 116.6, the Government has stated it will produce the withheld discovery no later than twenty-one days before trial. After reviewing these materials, the Court is satisfied that the Government has met its burden of proof to delay disclosure. No later than the Final Status Conference, the Court will inquire of the Government when it anticipates making the delayed disclosures as its notice states it will do so "at least" twenty-one days before trial. To the extent a timing dispute remains, the Court may address it at either the Final Status or the Initial Pretrial Conferences. The Motion is DENIED with leave to renew at the Initial Pretrial Conference.

4. The Defendant's Motion for Discovery

In his motion (Docket No. 1468), the Defendant makes a number of requests, each of which I address in turn.

First, the Defendant requests discovery regarding informants, regardless of whether the Government intends to call these persons as witnesses, on the ground that the information may be exculpatory. The Government does not appear to have rejected disclosure solely on the ground that the such persons are not government witnesses. Rather, the Government says it has complied with its Brady and Giglio obligations and specifically represented to the Court that it is "not aware of any confidential informants whom we have not yet identified and whose

5

information would constitute Brady and Giglio material. Nor is the Government aware of any deceased former confidential informants, relevant to this indictment, whom we have not already identified to Ponzo." (Docket No. 1474, at 3). Thus, this request is DENIED.

Second, the Defendant seeks more discovery of notes. The parties, despite dueling papers, seem to be in agreement with each other. That is, the Defendant requests notes that contain statements that contradict a witness the Government intends to call at trial. (Docket No. 1468, at 6). The Government has agreed it will "notify Ponzo of any material it finds in the notes that is inconsistent with, or was omitted from, the reports of those interviews." (Docket No. 1474, at 3). The Defendant further points out some additional bases upon which a statement in a note might or would be discoverable under the Jencks Act; however, Jencks discovery is premature at this time. The Government concedes its undisputed obligation to produce both Brady and Giglio material. Thus, whether some, none or all of the information requested by the Defendant on pages seven to eight of its motion is discoverable turns on whether the information is exculpatory, that is, for example, not every note is exculpatory or otherwise discoverable. The Government represents it has and continues to review the material for exculpatory evidence. This request is DENIED.

Third, the Defendant asks for all prior trial, grand jury or other testimony (as opposed to prior testimony "relevant to this case") from any jurisdiction of cooperating witnesses in this case, as well as a list of all such testimony. The Government opposes on the grounds that it should not bear the burden of "locating, paying for and studying" testimony lacking a substantive relationship to this case. Regarding the cooperating witnesses, the Government shall produce

prior public testimony transcripts in its possession, whether relevant or not,[2] as well as a list of all prior occasions on which such persons testified of which the two AUSAs or case agent are aware at this time.

Fourth, the Defendant requests the "complete" files regarding the autopsies as well as the drug, ballistics, and fingerprint testing. The Government says it has produced the expert reports, asserts that the Defendant has failed to show that any additional information would be exculpatory, and complains that expecting it to find additional items now, years later due to the Defendant's flight, is unreasonable. However, nothing in the Government's memo indicates that the Government has made any attempt to obtain any of the documents underlying the expert report; thus, in the Court's view, the Court cannot conclude that obtaining the documents is unduly burdensome (or that no documents exist). Moreover, whether or not the underlying documents are exculpatory, the Defendant under the Rules is entitled to "the results or reports" of the above testing subject to certain parameters set forth in Federal Rule of Criminal Procedure 16. Thus, the Government shall supplement its response to this request in thirty days with further discovery or notice to Ponzo that despite reasonable efforts it has found nothing further to disclose as exculpatory or under Rule 16.[3]

Fifth, the Defendant requests additional discovery regarding his arrest on July 27, 1994 by the Boston Police. The request for the list of officers on duty at Area A-7 is DENIED as the

---

[2] To the extent the testimony concerns a cooperating witness for whom the Government has invoked the declination of Local Rule 116.6 to delay certain disclosures, the Government may make disclosure of the prior testimony on a delayed basis as well.

[3] To the extent the Government has already undertaken reasonable efforts it may so report and is not required to undertake further inquiry.

Defendant has not shown the exculpatory nature of such information. The request for the notes of officers is DENIED WITHOUT PREJUDICE in light of the Government's representation that it will produce any exculpatory notes, if any unproduced notes are located. Regarding the request for disciplinary records, if any, of the involved officers, the Court will revisit this issue at the Final Status Conference.

Sixth, the Defendant requests advance disclosure of all prior bad acts whether or not "extrinsic" to the crime; the Government asserts it has no obligation to produce evidence of bad acts that are not "extrinsic." See United States v. Epstein, 426 F.3d 431, 439 (1st Cir. 2005) (explaining that Rule 404(b) only governs extrinsic evidence, i.e. evidence "whose probative value exclusively depends upon a forbidden inference of criminal propensity"). The request is DENIED WITHOUT PREJUDICE to challenging the admission of evidence at trial.

Seventh, the Defendant requests disclosure of co-conspirator statements and the Defendant's direct or adoptive admissions. The Government asserts that he has received much of this discovery and is not entitled to it in any event. United States v. Place, 2010 WL 2105879, at *1 (D.Mass. May 24, 2010). This request is DENIED. However, the DENIAL is WITHOUT PREJUDICE to renewing the request before the trial judge. See United States v. June, 2011 WL 4443429, at *3 (D.Mass. Sept. 22, 2011) (describing disclosure issue as unresolved by the First Circuit and deferring issue to trial judge).

Eighth, the Defendant seeks reports and notes regarding cooperating witnesses as part of an effort to establish Government misconduct. The Defendant simply has not advanced the necessary support to obtain the wide ranging discovery of reports he seeks on pages fourteen to sixteen of his motion. These requests are DENIED.

Ninth, the Defendant seeks additional information regarding the shootings of Francis Salemme and Joseph Cirame. The Government represents it will review Angelo Mercurio's informant files for exculpatory information. It shall review the file(s) regarding John Mele for statements regarding the attempted murder of Salemme. Request 8(b)(I) on page sixteen of Docket No. 1468 is DENIED, as the connection to the noted issues is not apparent to the Court from the papers filed.

Tenth, the Defendant asks for witness statements regarding the Defendant's alleged participation in the charged crimes and contradicting witness statements. These requests are DENIED as without authority or subject to the Government's exculpatory disclosure obligations.

Eleventh, the request for the report regarding John Mele is DENIED for the reasons stated in the Government's opposition at page ten.

Twelfth, the Defendant requests certain North Margin street recordings about, but not by Jerry Matricia. Regarding those portions of the transcripts which are not exculpatory, not statements of a witness (and thus not discoverable per Rule 16(a)(2)) and not Jencks Act statements that the Government has agreed to produce, the request is DENIED WITHOUT PREJUDICE as the Court is unclear of why the remaining statements are "material" within the meaning of Rule 16.

Thirteenth, the request regarding reports of misconduct not related to this case (as the Government has agreed to produce such discovery regarding this case) is DENIED.

Fourteenth, the Defendant requests discovery of documents, notes or reports of information regarding plans, plots or efforts of anyone to kill him. Upon the representation that the only plot is the plot described in the Government's opposition about which evidence was

presented at the prior trial, the request is DENIED for the reasons stated in the Government's opposition.

Finally, the Defendant requests further discovery regarding communications between AUSA Jeffrey Auerhahn and Matricia in light of Matricia's assertion that the two were writing a book together. The Defendant advances six specific requests. The Government responds that it knows its production obligations and will produce approximately eleven hours of tape recordings that Matricia made. Accordingly, the request is DENIED WITHOUT PREJUDICE, as the Government has represented that it will make any exculpatory disclosures.

Accordingly, the Motion for Discovery is ALLOWED IN PART and DENIED IN PART.

## CONCLUSION

For the reasons explained above, the Court hereby ORDERS that:

1. The Defendant's Motion for Disclosure of Government Alibi Witnesses (Docket No. 1466) is DENIED AS MOOT;

2. The Defendant's Motion for a Bill of Particulars is DENIED (Docket No. 1465);

3. The Government shall, within thirty days, either supplement the existing Bill of Particulars (Docket No. 324) regarding defendant Enrio Ponzo so as to comply with the Order requiring its furnishing (Docket No. 247) or disclose it has satisfied the Order's requirements.

4. The Defendant's Motion to Compel Disclosure of Information Regarding Potential Witnesses (Docket No. 1467) is DENIED, with leave to renew at the Initial Pretrial Conference.

5. The Defendant's Motion for Discovery (Docket No. 1468) is ALLOWED IN PART AND DENIED IN PART.

6. The Court will hold a final status conference in this case on **July 31, 2012 at 4:00 p.m. in Courtroom #24 in Boston**.

7. The Court hereby EXCLUDES the time period from June 27, 2012 until July 19, 2012 pursuant to 18 U.S.C. § 3161(h)(1)(D) and/or subsection (h)(8) as the interests of justice served by careful consideration of the numerous issues raised by the pending motions outweighs the public and/or the defendant's interests in a speedy trial.

8. The Court hereby EXCLUDES the time period from July 20, 2012 until July 31, 2012 in order to permit the defendant further time to investigate this case, to evaluate the voluminous quantities of evidence in this case, and to determine whether to pursue dispositive motions. For those reasons, I find that the interests of justice served by delay outweigh the defendant's and/or the public's interests in a speedy trial under 18 U.S.C. § 3161.

SO ORDERED.

    /s / Leo T. Sorokin
Leo T. Sorokin
Chief United States Magistrate Judge