UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 97-40009-NMG-5 |
| ) | |
| ENRICO M. PONZO ) | |
| ) | |
| Defendant. ) | |

ORDER ON DEFENDANT'S REQUESTS FOR
HYBRID REPRESENTATION AND STANDBY
COUNSEL AND OTHER PENDING MOTIONS

October 10, 2012

SOROKIN, C.M.J.

Before the Court are Defendant Enrico Ponzo's motions for "pro se hybrid representation" (docket # 1498), for "notice of intent to offer evidence at trial" (docket # 1506), and for "pre-trial non-discussion, sequestration and prescribed sequence order of trial witnesses" (docket # 1504), as well as attorney David Duncan's motion to withdraw (docket # 1507). In addition, during September 28 and October 9, 2012 hearings, Mr. Ponzo made oral requests to proceed pro se and for appointment of standby counsel. The Court resolves the pending motions as set forth below.

I. Motion for Pro Se Hybrid Representation

Mr. Duncan was appointed by the Court on March 25, 2011 to represent Mr. Ponzo. On September 24, 2012, Mr. Ponzo requested permission to act as pro se co-counsel, so that he may supplement Mr. Duncan's motion practice, case preparation, and trial strategy with his own

1

efforts. Docket # 1498. The government opposed the request, noting hybrid representation is not a constitutional guarantee, nor is it favored by the federal courts. Docket # 1501; see United States v. Nivica, 887 F.2d 1110, 1121 (1st Cir. 1989). The Court heard argument from Mr. Ponzo, Mr. Duncan, and the government at a September 28, 2012 hearing and denied Mr. Ponzo's motion. On October 9, 2012, Mr. Ponzo was permitted to revisit the motion and request reconsideration thereof. After hearing his additional arguments, the Court denied reconsideration.

For the reasons set forth on the record during the September 28 and October 9, 2012 hearings, as well as for the reasons set forth in the government's opposition brief, Mr. Ponzo's motion for hybrid representation is DENIED.[1]

II.     Request to Proceed Pro Se

After denying Mr. Ponzo's motion for hybrid representation at the September 28, 2012 hearing, the Court instructed Mr. Ponzo to consider whether he wished to continue to trial represented by Mr. Duncan, or whether he would prefer to proceed pro se. On October 9, 2012, Mr. Ponzo orally moved for permission to proceed pro se. The Court conducted a lengthy colloquy on the record, and ultimately concluded that Mr. Ponzo understood the perils of self-representation, and was knowingly and voluntarily waiving his right to the assistance of counsel. See Faretta v. California, 422 U.S. 806, 835 (1975). As such, Mr. Ponzo's request to represent himself was, and is, ALLOWED.

---

[1] Although Mr. Duncan stated he would seek to withdraw from the case in the event that Mr. Ponzo were permitted to act as co-counsel, the decision to deny Mr. Ponzo's motion is not based on this statement by Mr. Duncan.

III.     Request for Standby Counsel

Also during the October 9, 2012 hearing, Mr. Ponzo requested the appointment of standby counsel. He noted a desire for Mr. Duncan to serve in that capacity. Mr. Duncan, however, expressed his belief that he could not serve as standby counsel in light of his "fundamental disagreement" with Mr. Ponzo regarding theories of defense and trial strategy. Moreover, Mr. Ponzo's comments during the hearing reflect his continued desire to have co-counsel, not standby counsel. The Court held Mr. Ponzo's request for standby counsel under advisement at the conclusion of the hearing.

After further consideration, Mr. Ponzo's request for standby counsel is DENIED. Insofar as Mr. Ponzo wishes to have Mr. Duncan appointed as standby counsel, that request is denied in light of Mr. Duncan's unequivocal objection to performing such a role under the circumstances here, and in light of Mr. Ponzo's apparently persisting view that he could treat "standby" counsel as "co-counsel," irrespective of the Court's admonitions to the contrary.

Second, insofar as Mr. Ponzo seeks appointment of a new attorney to serve as his standby counsel, that request is denied in light of the delay that would inevitably flow from appointment of new counsel at this stage in the case. Mr. Ponzo faces complex charges which arise from conduct that allegedly occurred fifteen years ago, and which were the subject of multiple long-ago-concluded trials and guilty pleas of fourteen co-defendants. He was arrested nearly two years ago, and Mr. Duncan, by appointment of the Court, has spent eighteen months advocating on Mr. Ponzo's behalf, reviewing the voluminous discovery (including lengthy transcripts of two trials involving co-defendants), and preparing for trial, all at the taxpayers' expense. Before the issue of counsel arose, the case was ready for return to the District Judge assigned to this case for

scheduling of the trial and a hearing on any motions to suppress or dismiss filed by the defendant. Under the totality of these circumstances, where it would take a new lawyer substantial time and effort to develop an understanding of the case sufficient to permit him to meaningfully assist Mr. Ponzo, even in the limited role of standby counsel, the Court will not exercise its discretion to appoint a new lawyer to represent Mr. Ponzo as standby counsel. See Woodard, 291 F.3d at 110 (defendant "had no entitlement to" previously appointed lawyer "or to any other attorney as standby counsel").

Accordingly, Mr. Ponzo's request for standby counsel is DENIED.

IV. Motion to Withdraw as Attorney

Because Mr. Ponzo will proceed pro se, and in light of the Court's ruling on his request for standby counsel, Mr. Duncan's motion to withdraw is ALLOWED, however, this ruling is STAYED until close of business October 16, 2012.

V. Motion for Disclosure of Intent to Offer Evidence at Trial

Mr. Ponzo, pro se, seeks "[a]ny evidence that is discoverable under Rule 16 of the Federal Rules of Criminal Procedure, that the defendant deems might be the subject of a motion to sup[p]ress . . . ." Docket # 1506. The Motion is DENIED, as the Local Rules prohibit discovery motions requesting discovery already provided for under the automatic discovery provisions of the Local Rules. See Local Rule 116.3(d).

VI. Motion for Pre-Trial Non-Discussion, Sequestration, and Prescribed Sequence Order of Trial Witnesses

Finally, Mr. Ponzo, pro se, requests an order requiring sequestration of trial witnesses, prohibiting witnesses from pre-trial discussion of the case, and requiring witnesses who have not

participated in earlier trials of Mr. Ponzo's co-defendants to testify first during Mr. Ponzo's trial. Docket # 1504. Because the Motion raises issues regarding the conduct and management of the trial, it is DENIED without prejudice to Mr. Ponzo reasserting it before the District Judge.

VII. Final Status Report

The Court hereby issues the following Status Report and Scheduling Order in this case. See Local Rule 116.

1. A trial is necessary.

2. The discovery to be provided before the Initial Pretrial Conference is complete.

3. Any motions to sever, to dismiss, or to suppress are due by October 31, 2012, with responses by the government due by November 14, 2012.

4. Previously, the Court excluded time until October 23, 2012 and, as of that date, seventy days remain under the Speedy Trial Act for trial of this matter.

5. The estimated length of trial is fifteen days.

The October 23, 2012 Final Status Conference is RESCHEDULED to October 16, 2012 at 10:00 a.m. in Courtroom 24. The pro se defendant shall appear at the Status Conference.

SO ORDERED.

/s / Leo T. Sorokin
Leo T. Sorokin
Chief United States Magistrate Judge